■ TEAM STAR CONTRACTING INC., Appellant, v DYNAMIC PAINTING CORP., Respondent. [695 NYS2d 363] —In an action to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Golar, J.), dated June 8, 1998, which denied its motion for summary judgment on its first cause of action and to dismiss the defendant's counterclaim, and granted the defendant's cross motion for summary judgment dismissing the complaint and severing the counterclaim, and (2) a judgment of the same court, dated July 7, 1998, which dismissed the complaint and severed the defendant's counterclaim.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the provision of the order granting that branch of the defendant's motion which was for summary judgment dismissing the second cause of action is vacated and a provision denying that branch of the motion is substituted therefor; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendant's motion for summary judg-

ment with respect to the first cause of action, which was to recover damages for breach of contract, as the plaintiff failed to fully perform its contract obligations (*cf., K.G. Indus. v ADCO Elec. Corp.,* 253 AD2d 853). Pursuant to the parties' written subcontract, the plaintiff was to preform rigging, sandblasting, and painting, and to dispose of hazardous waste on five bridges in Connecticut. However, the State of Connecticut subsequently cancelled the principal contract, through no fault of either of the parties. The plaintiff seeks to recover damages in the full amount of its subcontract with the defendant although it did not tender full performance. The plaintiff alleges that an oral modification of the subcontract altered its obligations from the actual performance of the work to managerial oversight duties, such as marshaling manpower, planning, and the like. Based on the reclassification of its duties, it alleges that it fully performed its obligations under the subcontract, warranting payment of the full subcontract price. The plaintiff's contention is without merit. The record is clear that the writing purporting to evidence the oral modification was not a modification which reclassified its duties. The plaintiff failed to rebut the defendant's prima facie showing of its entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324), by proffering admissible evidence that it tendered full performance pursuant to the written contract (*cf., K.G. Indus. v ADCO Elec. Corp., supra; see generally, Zuckerman v City of New York,* 49 NY2d 557, 562).

However, the Supreme Court erred in granting the defendant's motion for summary judgment dismissing the plaintiff's second cause of action which seeks to recover damages for the breach of a separate, oral, equipment leasing contract. The defendant, as the proponent of the motion, bears the burden of demonstrating the absence of triable issues of fact (*see, Alvarez v Prospect Hosp., supra*). The mere conclusory denial of the contract's existence is insufficient to establish a prima facie case. The record contains invoices addressed to the defendant requesting payment for the use of the equipment. The defendant denies receipt. Additionally, by answer, the defendant asserted a counterclaim seeking judgment against the plaintiff for overpayment for labor, materials, and, notably, equipment on a another, separate oral contract. Summary judgment should not have been granted on the second cause of action and on the counterclaim since there are triable issues of fact (*see, Zuckerman v City of New York, supra; Richmond Tech. Servs. v Joseph Regina, Inc.,* 248 AD2d 367; *Alvarez v Prospect Hosp., supra*).

The plaintiff's remaining contention is without merit. Altman, J. P., Friedmann, McGinity and Schmidt, JJ., concur.